## COMMONWEALTH *vs.* LEWIS GIBBS & others.

A counsellor, appointed by the court to perform the duties of prosecuting officer in the absence of the district attorney, cannot act as such in a criminal case depending upon the same state of facts as a civil action in which he had been previously employed; and if he is allowed to conduct such prosecution, against the objection of the defendant, it is ground of exception.

INDICTMENT for conspiring to commit nine different offences, by burning buildings and maliciously injuring property of individuals. Trial in the court of common pleas, before *Sanger,* J., to whose rulings at the trial, and upon a motion in arrest of judgment, the defendants alleged exceptions. The facts necessary to the understanding of the only point decided are stated in the opinion.

This case was argued at Northampton.

*H. Vose & E. W. Bond,* for the defendants.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

SHAW, C. J. A preliminary objection, lying at the threshold of this case, has rendered it unnecessary to decide on most of the questions raised by the exceptions and motion in arrest of judgment.

At the time of the arraignment of the defendants, in December 1854, Mr. Dawes was district attorney, and it was then arranged, by consent of the district attorney and the counsel for the defendants, that the trial should be assigned for the 15th of January 1855. At that time Mr. Dawes was necessarily absent —a fact not known or anticipated by the defendants before that time. In this state of things, Mr. Chamberlin, who had been appointed to act in place of the district attorney during his absence, was named by the court to perform the same duties in this case. It appears that Mr. Chamberlin, with his partner, had previously been employed to commence several civil actions against two of the defendants, and to defend an action of slander brought by one of the defendants, all of which, depending on the same facts involved in this case, then stood open for trial. On these grounds, the appointment of Mr. Chamberlin was

objected to ; but the objection was overruled, and he conducted the prosecution.

We would cheerfully say in the outset that there is no gentleman of the bar, in whose integrity and honor we have more confidence than in that of Mr. Chamberlin ; but the case must be decided on general grounds, applicable to all cases.

By the Rev. Sts. *c.* 13, § 40, courts are authorized, in the absence of the attorney general and district attorney, to appoint some suitable person to perform the duties by law required of them. Such substituted officer must, for the time being, have the same powers with the regularly appointed officer and have full management and control of the prosecution. He ought then to have the same general qualifications to render him a suitable person for that duty within the meaning of the statute. Even in a case where the district attorney requested another person to assist him, he being present and retaining the entire control and conduct of the prosecution, it was allowed under the assumption that such assisting counsel received no compensation from any private individual for his services. *Commonwealth* v. *Williams*, 2 Cush. 585. See also *Commonwealth* v. *Knapp*, 10 Pick. 481.

But the decisive objection is found in the same chapter. After enumerating in previous sections the attorney general, the district attorney, and providing for the appointment of a substitute for the time being, it enacts that none of the said prosecuting officers shall receive any fee from or in behalf of any prosecutor; or be concerned as counsel or attorney for either party in any civil action depending on the same state of facts. Rev. Sts. *c.* 13, § 46.

It appears to the court that the reasons of propriety and fitness on which this provision is founded apply with equal, perhaps greater force, to a general practitioner, usually engaged in the prosecution and defence of civil actions, temporarily appointed to act in the capacity of public prosecutor, as to the regularly commissioned officer.

Perhaps, if the appointment had been made without objection, and without the attention of the court being called to the facts,

the objection might have been considered waived; but as the facts were presented, and the objection taken, the court are of opinion that the appointment was irregular in point of law.

*New trial ordered*